# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-929V**
**Filed: October 13, 2026**

ABBY L. ADAMS, *Administrator of the* Estate of DONALD C. ADAMS,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Special Master Horner

*Phyllis Widman, Widman Law Firm, LLC, Linwood, NJ, for petitioner.*
*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

A decision denying entitlement to compensation was issued in this case on September 3, 2025 (ECF No. 101), and petitioner's counsel then filed the instant motion for an award of final attorneys' fees and costs on September 24, 2025, seeking fees and costs in the total amount of $42,563.75 (ECF No. 102). Petitioner was previously awarded interim attorneys' fees and costs totaling $39,887.15.[2] (ECF Nos. 96, 98.) In response to the instant motion, respondent defers to the special master as to whether the statutory requirements for an award of attorneys' fees and costs are satisfied and requests that the special master exercise his discretion in determining the amount of any award. (ECF No. 104.)

The request for final attorneys' fees and costs includes attorney and expert hours from August of 2024 onward, which includes work performed in connection with the

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] A second motion for an award of interim attorneys' fees and costs was denied. (ECF No. 100.) The amount requested in the instant motion encompasses the request included in the second interim request.

entitlement hearing held in the case. Based on my review of the billing records, I find that the hours billed are reasonable. The decision awarding interim attorneys' fees and costs explains why the requested hourly rates for both counsel and petitioner's expert are reasonable. *Adams v. Sec'y of Health & Human Servs.*, No. 19-929V, 2025 WL 1891970, at *4, *6 (Fed. Cl. Spec. Mstr. June 13, 2025). Respondent has not contested that this case was brought in good faith and with a reasonable basis. Accordingly, petitioner is awarded final attorneys' fees and costs in the requested amount.

**In light of the above, petitioner's application for final attorneys' fees and costs is hereby GRANTED and petitioner is awarded attorneys' fees and costs in the total amount of $42,563.75 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel Horner**
Daniel Horner
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.